LETTS, Judge.
A night security guard, employed to protect the grounds and buildings of the Spor-tatorium, detected an unauthorized vehicle driving onto the premises. To further investigate, he entered the main building and climbed a renovation scaffolding for a better view. He fell and was injured. After a jury verdict in the guard’s favor, the trial judge granted the previously filed motion for a directed verdict in favor of the Spor-tatorium. The guard now appeals. We reverse.
The sole issue before us is whether, as a matter of law, the guard exceeded the scope of his invitation, when he climbed a scaffold in the dark. The law on this question is aptly stated in the case of Ire Florida Income Partners, Ltd. v. Scott, 381 So.2d 1114 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1118 (Fla.1980), as follows:
[A]n owner ... is liable for an injury sustained by a person, who entered the premises by invitation, ... only where the part of the premises on which the injury was sustained was covered by the invitation. If a person, though on the premises by invitation, goes to a place not covered by the invitation, the owner’s duty of care owed to that person as invitee ceases forthwith. The duty to keep the premises safe for invitees extends to all portions of the premises that are included in the invitation and that are necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended.
We would agree that the security guard was foolhardy to climb a scaffolding in the dark. However, we are unprepared to rule, as a matter of law, that the foolhardy act, for which the jury found him comparatively negligent,[1] was beyond the scope of his invitation. The Sporatorium contends that one reason for his seeking higher ground was to find a hiding place. Maybe so, but another uncontroverted reason was to better survey the intruders. His duties encompassed the security of the inside as well as the outside of the building and he most certainly was not engaged in some private misadventure of his own in a forbidden area. See Mesan v. Spokane World Exposition, 18 Wash.App. 609, 570 P.2d 157 (1977), and Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985).
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DELL and STONE, JJ., concur.

. The Sportatorium's negligence consisted of its failure to comply with the building code by not erecting a three-foot guardrail on the platform atop the scaffold from which the security guard fell.