548 So.2d 870 (1989)
Laneya WARREN, Appellant,
v.
MONAHAN BEACHES JEWELRY CENTER, INC., Appellee.
No. 87-726.
District Court of Appeal of Florida, First District.
September 13, 1989.
*871 Michael E. Seelie of Michael E. Seelie, P.A., Jacksonville, for appellant.
Kurt Andrew Simpson of Kurt Andrew Simpson, P.A., Jacksonville Beach, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order dismissing a second amended complaint, stating in six counts: breach of contract, concealment/misrepresentation, breach of implied warranty of merchantability, civil theft, and deceptive and unfair trade practices.
The facts as stated in the second amended complaint are as follows.
1. At all times material hereto, the Defendant, MONAHAN BEACHES JEWELRY CENTER, INC., a corporation, was licensed to do business and conducting business at or near 619 Atlantic Boulevard, Atlantic Beach, Duval County, Florida, as a jewelry store.
2. At all times material hereto, the Plaintiff, LANEYA WARREN, was the close and steady girlfriend of Jay Andresen, the two having dated no one else for several months and having set up their household prior to the incident of December 23, 1985.
3. On or about December 23, 1985, the Plaintiff's then fiance, Jay Andresen, purchased from the Defendant, MONAHAN BEACHES JEWELRY CENTER, INC., what was represented by the Defendant to be a diamond ring, stock number DR557, for the purchase price of [$3,974.25]. Mr. Andresen consummated the contract between he and the Defendant, MONAHAN BEACHES JEWELRY CENTER, INC., by paying the Defendant a $1,000.00 binder. Within 48 hours thereafter, the Plaintiff's then fiance, Jay Andresen, paid the balance to the Defendant for the purchase of the ring and the Defendant tendered the ring.
4. On the dates immediately prior to December 25, 1985, when the ring was given to the Plaintiff, her then fiance, Jay Andresen, made contact with the Defendant, and the Defendant and he discussed the ring, its size, type and style for the Plaintiff, LANEYA WARREN. At said times and places, the Defendant, from the above discussions knew that the ring was specifically for the Plaintiff, LANEYA WARREN, and the Defendant, as salesmen will, also made suggestions as to what the Plaintiff would be pleased with or displeased with in the diamond ring.

*872 5. On or about December 25, 1985, Jay Andresen gave to the Plaintiff, LANEYA WARREN, the ring as Christmas gift and a symbol of their engagement.
6. Shortly after receiving the ring, the Plaintiff was displaying it to her friends when she noticed a small, slight chip in the stone under the setting. As a result, the Plaintiff returned the ring to the Defendant immediately at the close of the Christmas holidays.
7. On or about January 2, 1986, the Plaintiff presented the ring to the Defendant and discussed her observations concerning the chip. The Defendant examined the ring and agreed that in fact a chip was present. At said time and place, the Defendant and the Plaintiff agreed that the stone would be replaced at no cost to the Plaintiff with a stone of equal or greater value.
8. In keeping with the above agreement, the Plaintiff returned to the Defendant's place of business and viewed the Defendant's gemology inventory for another stone of similar price as that of the original. The Defendant's inventory at that time was low after the Christmas holidays, and the Defendant and the Plaintiff agreed to meet in a few more days after the Defendant had received more inventory.
9. Plaintiff, after viewing the ring and making the agreement with the Defendant to exchange the above-described ring for another ring of equal or greater value, had the ring appraised with another jewelry store and learned, for the first time, that the alleged diamond tendered by the Defendant was in fact, nothing more than cut glass or cubic zirconia.
On motion to dismiss, the court is required to consider the factual allegations of the complaint as true and to take them in the light most favorable to the nonmoving party. Platte' v. Whitfield Realty Company, Inc., 511 So.2d 720 (Fla. 1st DCA 1987); Maciejewski v. Holland, 441 So.2d 703 (Fla. 2d DCA 1983). The trial court's order granting motion to dismiss the second amended complaint does not state the specific grounds for that dismissal. However, earlier orders dismissing prior complaints were based on the trial court's holding that the complaint failed to show plaintiff was an intended third-party beneficiary and therefore was not able to maintain an action based on the contract between the defendant and Andersen.
We hold that the complaint is sufficient to withstand motion to dismiss as to all counts. As to breach of contract, the law is that a person not party to a contract may sue for breach of contract where the parties' dealings clearly express the parties' intent to create a right primarily and directly benefiting a third party.[1] In the present case, the precontract dealings between Andresen and appellee, and the subsequent dealings between appellant and appellee, clearly establish appellant as an intended third party beneficiary of the contract at issue. Goodell v. K.T. Enterprises, Ltd., 394 So.2d 1087, 1089 (Fla. 1st DCA 1981). The complaint properly alleges that appellee breached the contract when he failed to deliver a diamond ring to Andresen. The alleged breach of contract by appellee deprived appellant of the benefit of owning a diamond ring, which was the purpose of the sale. Appellant has a valid cause of action for breach of contract as an intended third party beneficiary.
The trial court also erred in dismissing appellant's claim brought pursuant to Chapter 501, Florida Statutes (1985). One of the purposes of Florida's Deceptive and Unfair Trade Practices Act is to protect consumers from suppliers who commit deceptive and unfair trade practices. Marshall *873 v. W & L Enterprises Corp., 360 So.2d 1147 (Fla. 1st DCA 1978); § 501.202(2), Fla. Stat. (1985). The facts alleged in the present case, if proven, will establish that appellee is a "supplier" engaged in deceptive trade practices in "consumer transactions" as defined by Section 501.203(1) and (3), Florida Statutes. Appellant falls within the category of consumers that the statute is intended to protect. Section 501.203(9) defines a "consumer" as follows:
(9) "Consumer" means an individual; child, by and through its parent or legal guardian; firm; association; joint adventure; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; or any other group or combination.
Nothing in the foregoing statute or in case law limits causes of action to the immediate purchaser. In LJS Co. v. Marks, 480 F. Supp. 241, 244 (S.D.Fla. 1979), the court construed Florida law and defined a "consumer" as "an `individual' who has purchased goods, services, or intangibles for purposes that are primarily personal, family, or household." However, the issue of whether the intended beneficiary of a gift may be classified as a "consumer" under Chapter 501 appears to be an issue of first impression in this state. We hold that Chapter 501 applies and that appellant, as the beneficiary of the consumer transaction is a "consumer" in her own right and entitled to the remedies afforded. Our determination is limited to legal sufficiency of the allegations of the complaint and in no wise absolves the plaintiff of the obligation to prove these allegations.
We have also considered whether the trial court's order of dismissal is affirmable on the theory that the complaint does not meet the minimum jurisdictional requirements for the circuit court. Section 34.01(1)(c)2, Florida Statutes, provides that the county court has jurisdiction "of all actions at law in which the matter in controversy does not exceed the sum of $5,000, exclusive of interest, costs, and attorney fees." Section 26.012(2)(a) and (c), Florida Statutes, provides that the circuit courts have original jurisdiction in "all actions at law not cognizable by the county court" and "all cases in equity."
The facts as alleged show that the contract was breached when the ring was sold in December of 1985. A cause of action for breach of contract existed at that point. Subsequently, in January of 1986, the plaintiff returned the ring to the store, and the defendant was guilty of fraud, etc., under the facts as alleged at that time, in failing to disclose to the plaintiff that the ring was not, in fact, a diamond, and that "cover-up" activity forms the basis for the tort and punitive damage claims that are separate from the breach of contract claim. Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982); Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581 (Fla. 1st DCA 1985). Therefore, although the actual damages in this case as alleged are $3,974.25, the availability of the punitive damage claim satisfies the jurisdictional limits.
The complaint also claims treble damages. At the time this case arose, Section 812.035(7), Florida Statutes (1985), provided:

Any person who is injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 812.081 has a cause of action for threefold the actual damages sustained and, in any such action is entitled to minimum damages in the amount of $200. Such person shall also recover court costs and reasonable attorneys' fees in the trial and appellate courts. [emphasis added]
Effective October 1, 1986, that section was amended to limit the treble damages to the State or its agencies, etc., but at the same time Section 772.11, Florida Statutes, was amended to provide individual claimants with the remedy of treble damages which the new Section 812.035(7) deleted. Here, both the original sale and the return occurred prior to the amendment in October 1986, and therefore the treble damages were available under the prior version of Section 812.035(7).
It should also be noted, however, that after 1984, individuals cannot recover both punitive damages and treble damages pursuant *874 to Section 812.035(7) or Section 772.11, Florida Statutes. Rosenthal Toyota, Inc. v. Thorpe, 824 F.2d 897 (Fla. 11th Cir.1987); McArthur Dairy, Inc. v. Original Kielbs, Inc., 481 So.2d 535 (Fla. 3d DCA 1986).
Accordingly, the judgment below is reversed and the cause is remanded for further proceedings consistent herewith.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] Restatement (Second) of Contracts, Section 302(1)(b) (1979), states:

(1) Unless otherwise agreed between the promisor and promisee, a beneficiary of the promise is an intended beneficiary if recognition of a right of performance is appropriate to effectuate the intention of the parties and
....
(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.