604 So.2d 17 (1992)
Harvey JACOBSON and Barbara Jacobson, His Wife, Appellants,
v.
HERITAGE QUALITY CONSTRUCTION CO., INC., et al., Appellees.
No. 90-1493.
District Court of Appeal of Florida, Fourth District.
August 12, 1992.
*18 Steven B. Greenfield, Boca Raton, for appellants.
No appearance for appellees.
PER CURIAM.
Harvey and Barbara Jacobson appeal the trial court's order granting Deni Associates of Florida, Inc.'s motion to dismiss the Jacobsons' complaint with prejudice. We reverse and remand.
The Jacobsons contracted with Heritage Quality Construction Company to purchase a parcel of real property and a house to be built on the property. Heritage allegedly hired Deni as a subcontractor to survey the real estate, prepare a sketch of the survey and lay out the house on the property. The Jacobsons filed a complaint against Deni for its failure to properly do its job.
Deni filed a motion to dismiss, which the trial court granted without comment. The motion alleged several grounds for dismissal. However, failure to state a cause of action was the only valid ground here.
The Jacobsons' complaint did fail to state a cause of action in tort, since the only tort which Deni allegedly committed was the negligent breach of its contract. The Florida Supreme Court has held that even where a defendant "flagrantly, unjustifiably, and oppressively breaches a contract," the plaintiff cannot sue the defendant in tort unless the tort is distinguishable from or independent of the breach of contract. AFM Corp. v. Southern Bell Telephone and Telegraph Co., 515 So.2d 180, 181 (Fla. 1987).
The Jacobsons' complaint also failed to allege sufficient facts to support a cause of action in contract. The Jacobsons correctly argue on appeal that an intended third party beneficiary of a contract may recover damages from the contracting parties if they breach the contract. See Thompson v. Commercial Union Ins. Co. of New York, 250 So.2d 259, 261 (Fla. 1971); Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100 (Fla. 4th DCA 1969). However, the complaint failed to allege that Heritage and Deni intended that the Jacobsons benefit from their contract. Nor did the complaint allege facts concerning the contract which could indicate that Heritage and Deni intended for the Jacobsons to benefit from their contract.
Nevertheless, the trial court should not have dismissed the Jacobsons' complaint with prejudice. Rather, it should have given the Jacobsons leave to amend to properly allege a contractual cause of action under a third party beneficiary theory. See Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981).
REVERSE AND REMAND.
DOWNEY, STONE and FARMER, JJ., concur.