827 So.2d 348 (2002)
Thomas D. DECARLO, Esquire and Thomas D. Decarlo, P.A., Appellants,
v.
David GRIFFIN, Latisha Bass, as Executrix of the Estate of B. Hampton Bass and Eagle Lake, Ltd., Appellees.
Nos. 4D01-3402, 4D01-4901.
District Court of Appeal of Florida, Fourth District.
October 2, 2002.
*349 Fleur J. Lobree, and Ralph O. Anderson of Hicks, Anderson & Kneale, P.A., Miami, and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Miami, for appellants.
David J. Sales of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellees.
MAY, J.
The moral of this story is: make sure that details of a complex transaction are reduced to writing. The defendant[1] appeals the judgment resulting from the trial court's entry of a directed verdict in favor of the plaintiffs. In a second consolidated appeal, the defendant seeks reversal of an attorney's fees judgment entered pursuant to section 768.79, Florida Statutes (2001), subsequent to entry of the final judgment. We reverse and remand for a new trial.
The plaintiffs alleged that the defendant had breached an escrow agreement when he prematurely disbursed $1,000,000 to a party who absconded with the funds. The parties disputed the extent to which various *350 writings and conversations comprised the escrow agreement. Without going into the complex nature of the entire transaction, suffice it to say that it involved an escrow agreement as part of the financing and construction of a riverboat casino gambling project.
The plaintiffs alleged that a memorandum, dated January 16th and attached as an exhibit to the complaint, constituted the escrow agreement. The plaintiffs presented evidence at trial, however, that the escrow agreement was comprised of not only the January 16th memorandum, but also a January 23rd letter, and other documents as well. The defendant testified that the agreement included not only those writings, but took "the form of the ongoing discussions that were being had between me and Mr. Van Cleave and to some extent the pension fund."
Despite this conflict in the evidence, the trial court granted the plaintiffs' motion for directed verdict. The trial court determined as a matter of law that the January 16th memorandum and the January 23rd letter comprised the entire escrow agreement. The court then stated:
[T]here has been no question and unrebutted that there has been in fact, breaches of those agreements and that the jury can come to no other conclusion other than the fact that there is liability; therefore, the motion is granted.
Additionally, when plaintiffs' counsel suggested that the court could find as a matter of law that the faxed copy of a letter from Habib Bank did not constitute an irrevocable commitment to issue a bank guarantee as required by the agreement, the court replied: "That is the finding of the Court." The trial court initially ruled that the judgment should be entered in favor of the limited partnership, but ultimately entered the written judgment for the individual plaintiffs. The significance of this issue relates to a demand for judgment filed by the individual plaintiffs, not by the limited partnership.
An appellate court reviewing the grant of a directed verdict must view the evidence and all inferences of fact in the light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party.
Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 329 (Fla.2001).
The defendant contends that the trial court erred in granting the plaintiffs' motion for directed verdict in three respects. First, the trial court erred in concluding as a matter of law that the January 16th and 23rd documents constituted the entire escrow agreement. Second, the court erred in determining as a matter of law that the defendant breached the terms of the escrow agreement. And third, the judgment should have been entered in favor of the limited partnership, and not the individual plaintiffs. We agree with the defendant and reverse.
When material facts are in dispute, then it is the function of the jury to resolve them. See State Farm Mut. Auto. Ins. Co. v. Resnick, 636 So.2d 75 (Fla. 3d DCA 1994). In this case, the trial court usurped that function and determined that the plaintiffs' version of the facts was the only legitimate one. In doing so, the trial court erred.
The defendant testified there was no formal written escrow agreement and that various writings and conversations comprised the agreement. Specifically, he testified:
The terms of the escrow arrangement were that the $1,000,000 was deposited into my account which commenced, if you will, the escrow arrangement. I *351 was to receive an irrevocable commitment to issue a bank guarantee from a bank, which ultimately proved to be Habib, in a form that would be acceptable to the pension plan to confirm with the bank that had issued the irrevocable commitment that yes, indeed it had issued the irrevocable commitment and intended to honor it. And once I had received the irrevocable commitment and the confirmation that the bank intended to honor it, at that point in time the money would be released from my account to Mr. Sword to pay the issuance fee for the bank guarantee itself. The bank guarantee could not be issued until it was paid for, that's why we did it via an irrevocable commitment because ifthere was no way to get the instrument itself issued until it was paid for.
The plaintiffs' complaint alleged that only the January 16th memorandum constituted the escrow agreement. At trial, however, they introduced evidence that the agreement consisted of various writings. One thing is clear: the evidence conflicted on this issue.
The testimony also conflicted on whether the agreement required receipt of the actual securing instrument or an irrevocable commitment to issue the securing instrument prior to disbursement. Taking the evidence in the light most favorable to the non-moving party, there was ample evidence from which a verdict in favor of the nonmoving party could be sustained. See Cmty. Christian Ctr. Ministries, Inc. v. Plante, 719 So.2d 368 (Fla. 4th DCA 1998). Thus, the court erred in directing a verdict for the plaintiffs.
The defendant testified that he complied with the escrow agreement. He also presented expert testimony confirming his compliance. One defense expert opined that the defendant had properly followed all instructions. The other defense expert testified that the defendant fulfilled his duties as escrow agent. According to this expert, the defendant had received an irrevocable commitment by fax, reviewed it using reasonable skill and ordinary diligence, obtained confirmation of its authenticity, and properly disbursed the funds.
The plaintiffs' expert refuted this testimony. At best, however, this created yet another conflict in the evidence. It was not within the judge's province to pass upon the credibility of these witnesses or to resolve that conflict. See Stringer v. Katzell, 674 So.2d 193 (Fla. 4th DCA 1996). For these reasons, the judgment must be reversed.
The last issue to be addressed is whether the judgment should have been entered in favor of the individual plaintiffs or the limited partnership. Interestingly, the two key documents, which the trial court found constituted the escrow agreement, never even mention who the parties to the escrow agreement were. The memorandum of January 16th fails to mention any of the plaintiffs by name. The letter of January 23rd refers to Eagle Lake Casino, and references "clients" without naming them.
"An escrow holder ... owes a fiduciary duty only to the parties to the escrow transaction." Watkins v. NCNB Nat'l Bank of Fla., N.A., 622 So.2d 1063, 1065 (Fla. 3d DCA 1993).
A person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract. The exception to this rule is where the entity that is not a party to the contract is an intended third party beneficiary of the contract. A party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong. *352 Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., U.S., 647 So.2d 1028, 1030-31 (Fla. 4th DCA 1994) (citations omitted).
Were the individual plaintiffs parties to the escrow agreement? Were they intended third party beneficiaries of the escrow agreement? Did both parties intend the escrow agreement to benefit third parties? To whom was a duty owed by the escrow agent? These are unresolved questions of fact, which remain to be decided.
As defense counsel argued in opposition to the plaintiffs' motion for directed verdict: "This is a jury question if they conclude that there's liability based on breach of contract and proximate cause of damages. If they conclude that, then they can conclude which of the plaintiffs is owed that." We agree.
Until there are answers to these unresolved questions, there can be no award of attorney's fees, pursuant to section 768.79, Florida Statutes (2001). Both judgments are reversed and the case remanded for a new trial.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] The plaintiffs filed suit against the defendant and his professional association. For ease of reference, they are collectively referred to as the defendant.