IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 16, 2018

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FL-7, INC.,                                      )
                                                 )
            Appellant,                           )
                                                 )
v.                                               )            Case Nos. 2D17-1231
                                                 )                      2D17-2475
SWF PREMIUM REAL ESTATE, LLC                     )
d/b/a ENGEL & VOLKERS, LLC, a Florida            )
limited liability company,                       )
                                                 )
            Appellee.                            )
_____)
                                                 )
SGM BUILDING GROUP, INC., a Florida              )
profit corporation,                              )
                                                 )
            Appellant,                           )
                                                 )
v.                                               )            Case No.  2D17-2557
                                                 )
SWF PREMIUM REAL ESTATE, LLC                     )
d/b/a ENGEL & VOLKERS, LLC, a Florida            )
limited liability company,                       )
                                                 )
            Appellee.                            )            CONSOLIDATED
                                                 )
_____)

BY ORDER OF THE COURT.

Appellant, SGM Building Group, Inc., and Appellee, SWF Premium Real

Estate, LLC, d/b/a Engel & Volkers, LLC, have filed a Joint Motion for Rehearing and

Clarification. We grant the motion for clarification and deny the motion for rehearing.

The prior opinion dated October 3, 2018, is accordingly withdrawn, and the attached

opinion is issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FL-7, INC., )
)
      Appellant, )
)
v. ) Case Nos. 2D17-1231
) 2D17-2475
SWF PREMIUM REAL ESTATE, LLC )
d/b/a ENGEL & VOLKERS, LLC, a Florida )
limited liability company, )
)
      Appellee. )
_____ )
)
SGM BUILDING GROUP, INC., a Florida )
profit corporation, )
)
      Appellant, )
)
v. ) Case No. 2D17-2557
)
SWF PREMIUM REAL ESTATE, LLC )
d/b/a ENGEL & VOLKERS, LLC, a Florida )
limited liability company, )
)
      Appellee. ) CONSOLIDATED
)
_____ )

Opinion filed November 16, 2018

Appeals from the Circuit Court for Collier
County; James R. Shenko, Judge.

Kelsey L. Hazzard, J. Michael Coleman,
and Christyna M. Torrez of Coleman,
Hazzard, Taylor & Diaz, P.A., Naples,
for Appellant FL-7, Inc.

Ian T. Holmes and David P. Fraser of
Holmes Kurnik, P.A., Naples; and Andrew
B. Greenlee of Andrew B. Greenlee, P.A.,
Sanford, for Appellant SGM Building Group,
Inc.

Nicholas W. Long, Stanley A. Bunner, Jr.,
Peter J. Cambs, and Brian O. Cross of
Goede, Adamczyk, Deboest & Cross,
PLLC, Naples, for Appellee.

LUCAS, Judge.

In these consolidated appeals, we are called upon to review a final summary judgment entered in favor of SWF Premium Real Estate, LLC, d/b/a Engel & Volkers, LLC (Engel & Volkers), a real estate broker. We need not recount all the details of the underlying real estate transaction that gave rise to this litigation, a transaction that, one could say, remained somewhat fluid throughout its execution. Briefly put, when SGM Building Group, Inc. (SGM) assigned its rights and obligations as a purchaser under two sale agreements to FL-7, Inc. (FL-7) shortly before closing,[1] and FL-7 subsequently closed on the properties without paying Engel & Volkers' commissions, Engel & Volkers sued both SGM and FL-7 to recover the commissions it claims it was owed.

---

[1]The document that purported to effectuate this assignment between FL-7 and SGM was not actually executed by SGM but rather by Garsy Hadi Karimnejad, individually (who is, apparently, the owner and principal of SGM). Neither of the documents were executed by the seller in the sale agreements. We tend to agree with Engels & Volkers' observation that SGM's argument in the litigation below and on appeal (that SGM was relieved of its liability for the brokerage commissions by virtue of an "assignment") rests on the mischaracterization of these documents as being a novation of the purchase and sale agreements.

Engel & Volkers' claim against SGM was fairly straightforward: it alleged that SGM had breached a provision to pay Engel & Volkers' commissions pursuant to a brokerage commission agreement following the closings on the two sale agreements. Engel & Volkers' claim against FL-7, however, was not at all clear from its pleading. Counts I and III of the complaint, each of which named SGM and FL-7 together as defendants, claimed that the commission provision in the sale agreements (which, again, Engel & Volkers was not a party to) had been breached when FL-7 closed on the properties after SGM assigned the sale agreements to FL-7. Conspicuously absent from Engel & Volkers' complaint is the term "third-party beneficiary."

Engel & Volkers eventually filed a motion for summary judgment on its claims against FL-7. In that motion, Engel & Volkers appeared to assert that because the pertinent sale agreements referred generically to the "Buyer's" obligation to pay the brokerage commission, and because FL-7 was an "assignee" of the rights and obligations of the sale agreements, FL-7 somehow became directly liable to Engel & Volkers when it closed on the properties without paying the commission. At the summary judgment hearing, Engel & Volkers stated that it was not claiming "that FL-7 is obligated under the assignment -- or the buyer agreements for broker compensation [but] that their obligation is under the plain language of the contracts themselves that they closed as assignor of the original buyer. The brokerage agreements are just a second line of obligation for SGM." In that respect, it would appear that Engel & Volkers was proceeding under the theory that FL-7 "stepped into the shoes" of SGM's obligation pursuant to the sales agreements to pay the brokerage commissions as SGM's assignee. Cf. State v. Family Bank of Hallandale, 667 So. 2d 257, 259 (Fla. 1st DCA

- 3 -

1995) ("The law is well established that an unqualified assignment transfers to the assignee all the interests and rights of the assignor in and to the thing assigned. The assignee steps into the shoes of the assignor and is subject to all equities and defenses that could have been asserted against the assignor had the assignment not been made." (citing Dependable Ins. Co. v. Landers, 421 So. 2d 175, 179 (Fla. 5th DCA 1982))). Engel & Volkers did not explain why, under the theory of liability it was advocating, it had not pleaded a breach of third-party beneficiary cause of action.

Nevertheless, the trial court granted the motion for summary judgment and entered a final judgment in favor of Engel & Volkers, in which the court ruled: "Defendant, SGM Building Group, Inc., and Defendant, FL-7, Inc. materially breached its [sic] obligation to pay commissions pursuant to Sales Contract 1 . . . and Sales Contract 2." The final judgment decreed that SGM and FL-7 would be jointly and severally liable under the two contracts for a judgment of $142,500, plus postjudgment interest. How FL-7 came to share in SGM's liability to Engel & Volkers under two sales contracts to which Engel & Volkers was not a party was an issue the court's judgment did not expound upon. In case numbers 2D17-1231 and 2D17-2475, FL-7 appeals the final judgment against it, as well as the imposition of joint and several liability for that judgment.

Our review of a circuit court's entry of summary judgment is de novo. Herendeen v. Mandelbaum, 232 So. 3d 487, 489 (Fla. 2d DCA 2017) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)). A moving party is entitled to summary judgment "if the pleadings and summary judgment

- 4 -

evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).

Engel & Volkers was a stranger to the sales contracts it sought to enforce against FL-7. Unless it could demonstrate it was a third-party beneficiary under these contracts, Engel & Volkers had no basis to assert a claim for a breach of either of the agreements.[2] See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994) ("A person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract. The exception to this rule is where the entity that is not a party to the contract is an intended third party beneficiary of the contract." (first citing Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985); and then citing Jacobson v. Heritage Quality Constr. Co., 604 So. 2d 17 (Fla. 4th DCA 1992))). From our review of the record before us, we cannot agree that Engel & Volkers met the "heavy burden" of proving there was no genuine issue of material fact in dispute about the existence (much less a breach) of a purported third-party beneficiary contract between Engel & Volkers and FL-7, because Engel & Volkers has not even pleaded a viable breach of third-party beneficiary cause of action against FL-7 under Florida law. See Mendez v. Hampton Court Nursing Ctr., LLC, 203 So. 3d 146, 148 (Fla. 2016) ("To establish an action for breach of a third party beneficiary contract, [the third-party beneficiary] must allege and prove the following four elements: (1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract

_____

[2]Engel & Volkers did not argue to the trial court, nor does it assert on appeal, that the brokerage compensation agreement between SGM and Engel & Volkers was assigned to FL-7.

- 5 -

primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." (alteration in original) (quoting Found. Health v. Westside EKG Assocs., 944 So. 2d 188, 194-95 (Fla. 2006))); Jacobson, 604 So. 2d at 18 (reversing and remanding for opportunity to amend to "properly allege a contractual cause of action under a third party beneficiary theory"). Thus, "the pleadings and summary judgment evidence" do not establish Engel & Volkers' entitlement to summary judgment "as a matter of law." Accord Fla. R. Civ. P. 1.510(c).

As the First District explained in Meigs v. Lear, 191 So. 2d 286, 289 (Fla. 1st DCA 1966), the summary judgment proceeding "was certainly not designed to be used as a substitute for the parties' pleadings." See also Mark Leach Health Furniture Co. v. Thal, 143 So. 2d 64, 66 (Fla. 2d DCA 1962) ("The efforts of the defendant to raise the affirmative defense of failure of consideration to prevent the entry of the summary judgment was ineffective. This affirmative defense was not pleaded in the answer and there was no request to amend."). So, too, in the case at bar we cannot affirm a summary judgment that could only have been entered on an as-yet unpled cause of action.

We find no merit in any of the other issues raised in these appeals or in case number 2D17-2557 and affirm the trial court's rulings in all other respects. However, as it pertains to FL-7, we must reverse the trial court's final judgment and remand the case for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; remanded.

- 6 -

VILLANTI and BADALAMENTI, JJ., Concur.