NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FL-7, INC., a Florida corporation,       )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D18-729
                                         )
SGM BUILDING GROUP, INC., a              )
Florida corporation,                     )
                                         )
          Appellee.                      )
_____  )

Opinion filed September 20, 2019.

Appeal from the Circuit Court for Collier
County; James R. Shenko, Judge.

J. Michael Coleman and Christyna M.
Torrez of Coleman, Hazzard, Taylor,
Klaus, Doupé and Diaz, P.A., Naples,
for Appellant.

Ian T. Holmes and Jason Allen
Shepelrich of Holmes Fraser, P.A.,
Naples, for Appellee.


NORTHCUTT, Judge.

        This multifaceted litigation began when a real estate broker, Engel &

Volkers, sued SGM Building Group, Inc., and FL-7, Inc., for commissions owed in two

related real estate transactions.  After Engel & Volkers obtained a summary judgment

holding SGM and FL-7 jointly and severally liable for the commissions, the circuit court

awarded SGM a summary judgment on its cross-claim seeking damages from FL-7 for failing to pay the commissions. FL-7 has appealed SGM's judgment, and we reverse.

As more fully described by this court in FL-7, Inc. v. SWF Premium Real Estate, LLC, 259 So. 3d 285, 286–87 (Fla. 2d DCA 2018), SGM entered into two contracts to purchase real estate, both of which reflected that the buyer would pay a commission to the real estate broker. SGM also entered into separate broker compensation agreements directly with Engel & Volkers, promising to pay commissions on the purchases. SGM then assigned the purchase and sale contracts, but not the broker compensation agreements, to FL-7. When the real estate transactions closed, no one paid the commissions. Engel & Volkers sued SGM under the broker compensation agreements and sued both SGM and FL-7 under the purchase and sale agreements, and it was awarded a summary judgment against both defendants.

That summary judgment was the basis for the judgment under review. SGM argued that it had assigned its rights and obligations under the purchase and sale contracts to FL-7 and that the obligation to pay the real estate commission under those contracts had been established by the prior summary judgment in favor of Engel & Volkers. The circuit court accepted that argument and entered a summary judgment holding that "FL-7 has breached its obligation to pay the real estate commissions, which has caused a judgment to be entered against SGM Building Group, Inc."

In FL-7, however, this court reversed the Engel & Volkers judgment insofar as it imposed liability under the purchase and sale contracts. Id. at 287–88. The court observed that Engel & Volkers was not a party to those contracts and therefore was owed nothing under them unless it was an intended third-party beneficiary. Id. On

the latter question, the court held that Engel & Volkers had not "met the 'heavy burden' of proving there was no genuine issue of material fact in dispute about the existence (much less a breach) of a purported third-party beneficiary contract between Engel & Volkers and FL-7." Id. at 287. Because the judgment in the instant case was directly premised on the judgment that was reversed in FL-7, it must be reversed as well.

Reversed and remanded for further proceedings.


SILBERMAN, J., Concurs.
ROTHSTEIN-YOUAKIM, J., Concurs in result only.