560 So.2d 1229 (1990)
Rose ROSENSTONE, Appellant,
v.
Harold C. SATCHELL, Appellee.
No. 89-0946.
District Court of Appeal of Florida, Fourth District.
April 4, 1990.
Rehearing Denied June 8, 1990.
Harry A. Payton and Luis S. Konski of Payton & Rachlin, P.A., Miami, for appellant.
Steven B. Dolchin of Steven B. Dolchin, P.A., Hollywood, for appellee.
PER CURIAM.
Appellant, Rose Rosenstone, challenges the trial court's order dismissing her complaint against appellee-attorney, Harold C. Satchell, with prejudice. We reverse.
The dismissal appears to be predicated upon a lack of attorney-client privity between Rosenstone and Satchell in regard to Rosenstone's deceased husband's will and trust. Both parties acknowledge the judicially-created exception to the privity requirement. In Angel, Cohen & Rogovin v. Oberon Invest., N.V., 512 So.2d 192, 193 (Fla. 1987), the court noted that Florida courts traditionally limit attorney liability for negligence in the performance of professional duties to clients with whom the attorney shares contractual privity. An exception is recognized, however, where it can be demonstrated that the apparent intent of the client in engaging the services of the lawyer was to benefit another. For the beneficiary of a will to state a viable cause of action, the testamentary intent as expressed in the will must be frustrated by the attorney's negligence. Id. at 194. Thus, an attorney may be held liable for breach of his duties to one who engages his *1230 services or to one who he knows is the intended beneficiary of his services.
In the instant case, appellant appears to fit within both categories. Her complaint alleges that she was both a client and an intended beneficiary of her husband's relationship with the attorney. She claims that she and her husband jointly sought the services of the appellee to carry out their joint wishes, but that their wishes were frustrated by appellee's neglect. It is entirely possible that appellant may fail to prove a case against appellee, but, at this stage of the proceedings, this court must review the pleadings and accept as true all well pled allegations contained in the nonmovant's pleadings. Based on those allegations, we conclude that appellant has at least pled a potential basis upon which to hold appellee liable for negligence.
Accordingly we reverse and remand for further proceedings in accord herewith.
ANSTEAD, STONE and POLEN, JJ., concur.