612 So.2d 1378 (1993)
Marta ESPINOSA, et al., Petitioners,
v.
SPARBER, SHEVIN, SHAPO, ROSEN AND HEILBRONNER, et al., Respondents.
No. 79085.
Supreme Court of Florida.
February 4, 1993.
Fred E. Glickman, Miami, for petitioners.
Jeffrey M. Weissman of Weissman, Lichtman & Dervishi, P.A., Fort Lauderdale, and Lenard H. Gorman of Lenard H. Gorman, P.A., Miami, for respondents.
*1379 McDONALD, Justice.
We review Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 586 So.2d 1221 (Fla. 3d DCA 1991), which involves the following question of great public importance certified in an unpublished order dated September 17, 1991:
UNDER THE FACTS OF THIS CASE ... MAY A LAWSUIT ALLEGING PROFESSIONAL MALPRACTICE BE BROUGHT, ON BEHALF OF PATRICIA AZCUNCE, AGAINST THE DRAFTSMAN OF THE SECOND CODICIL?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the question in the negative and approve the decision of the district court.
Howard Roskin, a member of the Sparber, Shevin law firm, drafted a will for Rene Azcunce, the testator. At the time he signed his will, Rene and his wife, Marta, had three children, Lisette, Natalie, and Gabriel. Article Seventeenth of the Will specifically provided that:
(a) References in this, my Last Will and Testament, to my children, shall be construed to mean my daughters, LISSETE AZCUNCE and NATALIE AZCUNCE, and my son, GABRIEL AZCUNCE.
(b) References in this, my Last Will and Testament, to my "issue," shall be construed to mean my children [as defined in Paragraph (a), above] and their legitimate natural born and legally adopted lineal descendants.
Article Fourth of the will established a trust for the benefit of Marta and the three named children and also granted Marta a power of appointment to distribute all or a portion of the trust to the named children and their issue. In addition, the will provided that, upon Marta's death, the trust was to be divided into equal shares for each of the three named children.
Neither the will nor the first codicil to the will, executed on August 8, 1983, made any provisions for after-born children. On March 14, 1984, Patricia Azcunce was born as the fourth child of Rene and Marta. Rene contacted Roskin and communicated his desire to include Patricia in his will. In response, Roskin drafted a new will that provided for Patricia and also restructured the trust. However, due to a disagreement between Rene and Roskin on the amount of available assets, Rene never signed the second will. Instead, on June 25, 1986, he executed a second codicil drafted by Roskin that changed the identity of the co-trustee and co-personal representative, but did not provide for the after-born child, Patricia. When Rene died on December 30, 1986, he had never executed any document that provided for Patricia.[1]
Marta brought a malpractice action on behalf of Patricia and the estate against Roskin and his law firm. The trial court dismissed the complaint with prejudice for lack of privity and entered final summary judgment for Roskin and his firm. The Third District Court of Appeal reversed the dismissal with regard to the estate, affirmed it with regard to Patricia, and certified the question of whether Patricia has standing to bring a legal malpractice action under the facts of this case.
An attorney's liability for negligence in the performance of his or her professional duties is limited to clients with whom the attorney shares privity of contract. Angel, Cohen & Rogovin v. Oberon Investments, N.V., 512 So.2d 192 (Fla. 1987). In a legal context, the term "privity" *1380 is a word of art derived from the common law of contracts and used to describe the relationship of persons who are parties to a contract. Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condominium Ass'n, Inc., 581 So.2d 1301 (Fla. 1991). To bring a legal malpractice action, the plaintiff must either be in privity with the attorney, wherein one party has a direct obligation to another, or, alternatively, the plaintiff must be an intended third-party beneficiary. In the instant case, Patricia Azcunce does not fit into either category of proper plaintiffs.
In the area of will drafting, a limited exception to the strict privity requirement has been allowed where it can be demonstrated that the apparent intent of the client in engaging the services of the lawyer was to benefit a third party. Rosenstone v. Satchell, 560 So.2d 1229 (Fla. 4th DCA 1990); Lorraine v. Grover, Ciment, Weinstein & Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985). Because the client is no longer alive and is unable to testify, the task of identifying those persons who are intended third-party beneficiaries causes an evidentiary problem closely akin to the problem of determining the client's general testamentary intent. To minimize such evidentiary problems, the will was designed as a legal document that affords people a clear opportunity to express the way in which they desire to have their property distributed upon death. To the greatest extent possible, courts and personal representatives are obligated to honor the testator's intent in conformity with the contents of the will. In re Blocks' Estate, 143 Fla. 163, 196 So. 410 (1940).
If extrinsic evidence is admitted to explain testamentary intent, as recommended by the petitioners, the risk of misinterpreting the testator's intent increases dramatically. Furthermore, admitting extrinsic evidence heightens the tendency to manufacture false evidence that cannot be rebutted due to the unavailability of the testator. For these reasons, we adhere to the rule that standing in legal malpractice actions is limited to those who can show that the testator's intent as expressed in the will is frustrated by the negligence of the testator's attorney. Although Rene did not express in his will and codicils any intention to exclude Patricia, his will and codicils do not, unfortunately, express any affirmative intent to provide for her. Because Patricia cannot be described as one in privity with the attorney or as an intended third-party beneficiary, a lawsuit alleging professional malpractice cannot be brought on her behalf.
Rene's estate, however, stands in the shoes of the testator and clearly satisfies the privity requirement. Therefore, we agree with the district court's decision that the estate may maintain a legal malpractice action against Roskin for any acts of professional negligence committed by him during his representation of Rene. Because the alleged damages to the estate are an element of the liability claim and are not relevant to the standing question in this particular case, we do not address that issue.
For the reasons stated above, we answer the certified question in the negative and approve the decision of the district court.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Patricia brought suit in probate court to be classified as a pretermitted child, which would have entitled her to a share of Rene's estate. Her mother and adult sibling consented to Patricia's petition being granted. The probate court judge appointed a guardian ad litem for Patricia's two minor siblings, and the guardian opposed the petition. Subsequently, the court ruled that the second codicil destroyed Patricia's status as a pretermitted child, and the decision was upheld on appeal. Azcunce v. Estate of Azcunce, 586 So.2d 1216 (Fla. 3d DCA 1991).

We are not privy to the factors that the guardian ad litem considered in deciding not to consent to Patricia's classification as a pretermitted child, a decision that deprived Patricia of a share in the estate and ultimately led to costly litigation. We hope, however, that a guardian evaluating the facts of this case would not focus strictly on the financial consequences for the child, but would also consider such important factors as family harmony and stability.