**Glen Edwin JIMERSON, Second Third–Party Plaintiff–Appellant,**

v.

**FIRST AMERICAN TITLE INSURANCE COMPANY, Second Third–Party Defendant–Appellee.**

No. 98CA1616.

Colorado Court of Appeals, Div. I.

Sept. 30, 1999.

Schendzielos & Associates, L.L.C., Roger Cisneros, Daniel J. Schendzielos, Denver, Colorado, for Second Third–Party Plaintiff–Appellant.

Law Office of Charles F. Molling, Charles F. Molling, Denver, Colorado, for Second Third–Party Defendant–Appellee.

Opinion by Judge CRISWELL.

Second third-party plaintiff, Glen Edwin Jimerson (seller), appeals from the summary judgment entered by the trial court in favor of second third-party defendant, First American Title Company (title company). We affirm.

The material facts are undisputed. Seller conveyed his home to a buyer by means of a general warranty deed. Prior to that conveyance, the title company had provided a commitment for a title insurance policy, and after the closing, it had issued its policy naming the buyer as the insured.

Approximately one year after the sale, seller's brothers filed a complaint against the buyer claiming an interest in the property. The buyer, through an attorney provided by the title company, answered the complaint and asserted a third-party claim against seller. The buyer claimed that seller had violated the warranties in the deed that had warranted the buyer's quiet and peaceable possession of the property.

Seller answered the buyer's complaint, filed a cross-claim against the brothers, and asserted his own third-party claims for negligence and negligent misrepresentation against the title company. Seller's claims of negligence were premised on the fact that the commitment for title insurance had not disclosed the brothers' alleged interest in the property.

The title company moved for summary judgment with respect to the claims brought by seller. The trial court concluded that it owed no duty to seller and, therefore, that it was not liable to him. Hence, that court granted the title company's motion and certified its order as a final judgment under C.R.C.P. 54(b). It is from that judgment that seller appeals.

Summary judgment is a drastic remedy and should be granted only if the moving party demonstrates that there does not exist a genuine factual controversy over a material issue and it is clearly shown that the moving party is entitled to a judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). A court rendering summary judgment does not engage in fact finding, so our review of the trial court's ruling is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

## I.

Seller first contends that the title company owed him a duty that arose from a contract between him and the title company. Although the exact nature of the duty asserted by seller is unclear, we disagree with his contention that any contractual duty was owed to him.

■ When it issued its commitment for title insurance, the title company offered to issue a title insurance policy to the buyer upon the satisfaction of certain conditions, one of which was the payment of a premium. The terms of the title commitment specifically noted that the title company's "only obligation" was "to issue" the policy to buyer and that, once the policy was issued, its obligation under the commitment would be satisfied. Hence, even if it be assumed that seller's payment of the premium, as called for by the commitment, gave rise to some contractual arrangement between seller and the title company, so that seller could enforce the obligations established by the commitment, that obligation was wholly performed when the title company issued the title insurance policy to the buyer in the form called for by the commitment.

■ Further, the title company did not assume any obligation to seller by virtue of the title insurance policy itself. Although the policy was not made a part of this record, the terms of the commitment make clear that the buyer and a lender were to be the only insureds under the policy and the only persons to whom any obligation was owed.

Contrary to seller's assertion, the mere fact that he paid the policy premium did not make him a party to the policy nor create obligations not expressly provided for in that instrument. *See First American Title Insurance, Co. v. Willard*, 949 S.W.2d 342 (Tex. App.1997)(act of paying title insurance premium does not make payor a party to the insurance contract).

■ Likewise, seller was not a third-party beneficiary of the insurance policy. That policy was issued for the sole benefit of the buyer and the lender, and none of the documents placed in the record, including those attached to seller's response to the title company's motion for summary judgment, discloses any facts which demonstrate that the title company intended seller to benefit directly from the policy issued to the buyer. *See E.B. Roberts Construction Co. v. Concrete Contractors, Inc.*, 704 P.2d 859 (Colo. 1985).

## II.

Seller also contends that, even if the title company owed him no contractual obligations, it nevertheless is liable to him under the theory of negligent misrepresentation because of the failure of both the commitment and the policy to note the existence of the claimed interest of his brothers. Again, we disagree.

A professional supplier of information may be liable for its negligence to a person with whom it has no contractual relationship, providing that supplier of information knows that the recipient of the information will provide it to that person or knows that the information is to be used to influence a transaction. *Wolther v. Schaarschmidt,* 738 P.2d 25 (Colo.App.1986). *See generally* Restatement (Second) of Torts § 552 (1977).

However, liability will attach only if the third party's losses stem from that party's justifiable reliance on the information. *Mehaffy, Rider, Windholz & Wilson v. Central Bank,* 892 P.2d 230 (Colo.1995). *See Stagen v. Stewart–West Coast Title Co.,* 149 Cal. App.3d 114, 196 Cal.Rptr. 732 (1983)(title company liable only if person for whose guidance information is supplied justifiably relied on information).

Here, seller alleged that he and the buyer had entered into a contract of purchase and sale of the property in question; that he then engaged the title company to provide a title insurance commitment; and that, thereafter, the transaction was closed in accordance with the parties' contract. At that time, he conveyed the property to buyer by general warranty deed, warranting his title to the property, and the title insurance policy was then issued.

Under seller's allegations, it is clear that he had assumed the obligation to convey good title to buyer before the title commitment was issued by the title company. His later conveyance by warranty deed was simply the fulfillment of his previously assumed obligation, which had been created before the issuance of the commitment.

Given these circumstances, therefore, even if we assume that information contained in a commitment to issue a title insurance policy can furnish the basis for a negligent misrepresentation claim by someone other than those designated as insureds under that commitment, it is clear that, here, seller did not reasonably rely upon any such information in conveying the property to the buyer. He had assumed that obligation before the title company furnished any information to either of the parties to the transaction.

The judgment is affirmed.

Judge METZGER and Judge DAVIDSON concur.