925 So.2d 363 (2006)
Florence G. GALLO, as Personal Representative of the Estate of Ann Gasponi, Appellant,
v.
Frank R. BRADY, Esq. and Brady & Brady, P.A., Appellees.
No. 4D04-3571.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
Rehearing Denied April 25, 2006.
Donald A. Yarbrough, Fort Lauderdale, for appellant.
Marlene S. Reiss of Stephens, Lynn, Klein, Lacava, Hoffman & Puya, P.A., Miami, for appellees.
PER CURIAM.
During her lifetime, Ann Gasponi hired the appellees, Frank R. Brady and Brady & Brady, P.A., to provide estate planning services. As part of the provision of those services, attorney Brady recommended and established a charitable remainder trust, drafting the trust instrument. Following Gasponi's death, the personal representative of her estate brought a legal malpractice claim against the appellees, alleging that (1) the purpose of establishing the charitable trust was to save on federal estate taxes; (2) the trust failed to comply with mandatory requirements set forth by the United States Tax Code and related regulations; and (3) as a consequence of the trust's deficiencies, a tax deduction was not available to the estate and the estate paid in excess of $72,000 in estate taxes that could have been avoided but for Brady's negligence. The appellees *364 sought and obtained a summary judgment in their favor by arguing that the trust instrument itself did not contain language reflecting that its purpose was federal estate tax savings, the grantor's intent could not legally be established by resort to extrinsic evidence, and thus, the personal representative could not establish any malpractice. We reverse.
First, we believe a jury could look at the facts alleged by the personal representative and, without resort to extrinsic evidence, reasonably infer that one of Gasponi's purposes for setting up the charitable remainder trust was to effectuate federal tax savings. Second, we reject the appellees' claim that Florida law prohibits resort to extrinsic evidence under the circumstances of this case. Florida law provides that, generally, a legal malpractice claim may be brought only by one who is in privity with the attorney. See Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So.2d 192, 194 (Fla.1987). There is, however, an exception that permits an intended third party beneficiary of the legal services to bring suit where "testamentary intent as expressed in the will . . . [was] frustrated by the attorney's negligence and as a direct result of such negligence the beneficiaries' legacy [wa]s lost or diminished." Id. In obtaining summary judgment in its favor, the appellees relied upon Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378 (Fla.1993). Espinosa stands only for the proposition that a would-be beneficiary may not establish by resort to extrinsic evidence that he or she was intended to benefit from a will. Nothing in the language of the opinion suggests that when a legal malpractice claim is brought by the personal representative on behalf of the estate, the introduction of extrinsic evidence of the testator's intent is prohibited. Indeed, while the court did not expressly address whether a personal representative bringing a malpractice suit on behalf of the estate may resort to extrinsic evidence, the court permitted the malpractice claim brought by the wife in her capacity as personal representative to proceed under circumstances where resort to extrinsic evidence was necessary to demonstrate that, although the will and codicils made no provision for an after-born child, this had been the testator's intent. See id. at 1380. Finally, having considered the alternative grounds raised, we decline the appellees' invitation to affirm the summary judgment pursuant to the "tipsy coachman" doctrine. The summary judgment is reversed and the matter remanded for further proceedings.
Reversed and Remanded.
STEVENSON, C.J., FARMER, J., and MARX, KRISTA, Associate Judge, concur.