ORFINGER, J.
Robert and Janet Dingle appeal the dismissal with prejudice of their legal malpractice claims against attorney Jacqueline Dellinger and the Millhorn Law Firm, L.L.C. We affirm in part, reverse in part, and remand.
This suit arose out of the alleged failure of Dellinger to properly draft documents gifting property to the Dingles. According to the Dingles’ third amended complaint, John P. Kyreakakis, the sole shareholder and agent of Whiteway Investments, Inc., a Panamanian corporation, retained Del-linger, an employee or agent of Millhorn, to prepare a quitclaim deed to gift a piece of real property from Whiteway to the Dingles. Kyreakakis provided Dellinger with an English translation of a power of attorney, originally drafted in Spanish in Panama, to evidence his authority to transfer Whiteway’s property to the Dingles. Dellinger drafted and recorded the quitclaim deed following its execution. Several months later, Kyreakakis died and his widow challenged the conveyance. Ultimately, this Court concluded that the power of attorney did not authorize Kyreakak-is to make a gift on Whiteway’s behalf and determined that the conveyance was invalid. See Dingle v. Prikhdina, 59 So.3d 326 (Fla. 5th DCA 2011). The Dingles then sued Dellinger and Millhorn, alleging legal malpractice. Dellinger and Millhorn moved to dismiss, arguing that because the Dingles were not parties to the attorney-client relationship, Millhorn and its employees or agents owed them no duty. The trial court agreed and, after several amendments, dismissed the Dingles’ causes of action with prejudice.
We review de novo a trial court’s order dismissing a complaint with prejudice. E.g., Wendler v. City of St. Augustine, 108 So.3d 1141, 1143 (Fla. 5th DCA 2013). To determine the sufficiency of a pleading, we accept as true all well-pled allegations of the complaint. Kinney v. Shinholser, 663 So.2d 643, 645 (Fla. 5th DCA 1995). In order to properly state a cause of action against an attorney for professional negligence, a plaintiff must plead sufficient facts to establish three elements: 1) the attorney’s employment; 2) the attorney’s neglect of a reasonable duty; and 3) the attorney’s negligence as the proximate cause of the client’s loss. Law Office of David J. Stern, P.A. v. Sec. Nat’l Servicing Corp., 969 So.2d 962, 966 (Fla. 2007); Moscowitz v. Oldham, 48 So.3d 136, 138 (Fla. 5th DCA 2010). In this case, the issue on appeal involves the second element — whether Dellinger and Millhorn owed any duty to the Dingles. While the Dingles concede no attorney/client relationship existed between them and either Dellinger or Millhorn, they claim that they were the intended third-party beneficiaries of the contract between Whiteway and its attorneys.
An attorney’s liability for professional negligence is generally limited to clients with whom the attorney shares privity of contract. See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378, 1379 (Fla.1993). Because the party who retains an attorney is in privity with that attorney, that party may bring a negligence action for legal malpractice. Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So.2d 192, 194 (Fla.1987). If the parties are not in privity, to bring a legal malpractice action, the plaintiff must be an intended third-party bene *488 ficiary of the lawyer’s services. See Espi-nosa, 612 So.2d at 1380. To assert a third-party beneficiary claim, the complaint must allege: (1) a contract; (2) an intent that the contract primarily and directly benefit the third party; (3) breach of the contract; and (4) resulting damages to the third party.[1] See, e.g., Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994). A party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong. See id.; see also Jenne v. Church & Tower, Inc., 814 So.2d 522, 524 (Fla. 4th DCA 2002) (explaining that courts look to nature or terms of contract to find parties’ clear or manifest intent that it is for third party’s benefit). Thus, it is not necessary that the third-party beneficiary is named in the contract. See Fla. Power & Light Co. v. Mid-Valley, Inc., 763 F.2d 1316, 1321 (11th Cir.1985). Rather, the parties’ pre- or post-contract actions may establish their intent. Id.
The privity requirement has been relaxed most frequently in will drafting situations, but “the third party intended beneficiary exception to the rule of privity is not limited to will drafting cases.” Hodge v. Cichon, 78 So.3d 719, 722 (Fla. 5th DCA), review denied, 99 So.3d 942 (Fla.2012); Winston v. Brogan, 844 F.Supp. 753, 756 (S.D.Fla.1994) (citing Greenberg v. Mahoney Adams & Criser, P.A., 614 So.2d 604, 605 (Fla. 1st DCA 1993)). Although privity of contract may create a duty of care providing the basis for recovery in negligence, the lack of privity does not necessarily foreclose liability if a duty of care is otherwise established. See Baskerville-Donovan Eng’rs, Inc. v. Pensacola Exec. House Condo. Ass’n, 581 So.2d 1301, 1303 (Fla.1991). Still, “[a] person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract.” Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So.2d 536, 543-44 (Fla. 5th DCA 2003) (quoting Caretta Trucking, 647 So.2d at 1030-31); see Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So.2d 399, 400 (Fla. 2d DCA 2000) (“To find the requisite intent, it must be shown that both contracting parties intended to benefit the third party; it is insufficient to show that only one party unilaterally intended to benefit the third party.”).
In a case very similar to the one before us, the Iowa Supreme Court held that a third party, alleging legal malpractice in preparation of donative nontestamentary instruments of conveyance, could assert a claim for legal malpractice by establishing that the donor specifically identified the third party as the object of the donor’s intent and that the third party’s expectancy was lost or diminished as a result of the lawyer’s professional negligence. Holsap-ple v. McGrath, 521 N.W.2d 711 (Iowa 1994). In so holding, the Iowa Supreme Court wrote:
[W]e note[ ] two basic problems with recognizing third-party suits against lawyers: without the privity requirement, parties to a contract for legal services could easily lose control over their agreement. In addition, the imposition of a duty to the general public could *489 expose lawyers to a virtually unlimited potential for liability.
On the other hand, we note[] the policy consideration supporting such a claim, primarily giving effect to the intent of the testator to transfer the property.
[[Image here]]
In deciding whether to recognize such a claim, we look to ... the desirability of effecting the grantor’s intent, the general policy of providing a remedy for a loss, and the need for an effective deterrent to future negligence. These concerns are as pertinent in a nontesta-mentary context as they [are in a testamentary context].
On the other hand, the dangers inherent in an overbroad recognition of liability are as real in this case as they are in a testamentary disposition case, and any recognition of a claim in these circumstances must be tempered accordingly. Primarily, we must be concerned that such a claim be so circumscribed as not to “expose lawyers to a virtually unlimited potential for liability.” See [Schreiner v. Scoville, 410 N.W.2d 679,] 681 [ (Iowa 1987) ].
Schreiner required, in order to limit the scope of recognizable third-party plaintiffs, that a plaintiff be a “specifically identifiable” beneficiary “as expressed in the testator’s testamentary instruments.” Id. at 682. Thus, more than an unrealized expectation of benefits must be shown; a plaintiff must show that the testator (or here, the grantor) attempted to put the donative wishes into effect and failed to do so only because of the intervening negligence of a lawyer ....
Second, under Schreiner, “a cause of action ordinarily will arise only when as a direct result of the lawyer’s professional negligence ... the [benefit] is ... lost, [in whole or in part].” Id. at 688.
Interpolating the requirements for a cause of action to the circumstances of this case, we hold that a plaintiff must establish that (1) the plaintiff was specifically identified, by the donor, as an object of the grantor’s intent; and (2) the expectancy was lost or diminished as a result of professional negligence.
Id. at 713-14 (internal citations, omitted); see Speedee Oil Change No. 2, Inc. v. Nat'l Union Fire Ins. Co., 444 So.2d 1804 (4th Cir.1984) (holding that corporation, as intended third-party beneficiary of promoter’s contract with attorney, could sue attorney based on incorrect advice to promoters as attorney understood that legal advice was intended for use and benefit of corporation, and that corporation, rather than individual promoters, would act upon advice); Admiral Merchs. Motor Freight, Inc. v. O’Connor & Hannan, 494 N.W.2d 261, 266 (Minn.1992) (explaining that intended third-party beneficiary may bring action for legal malpractice where client’s sole purpose is to benefit third party directly, and attorney’s negligent act caused beneficiary to suffer loss; determination is matter of balancing extent to which transaction was intended to affect beneficiary, foreseeability of harm to beneficiary, degree. of certainty that beneficiary suffered injury, closeness of connection between attorneys’ conduct and injury, and policy of preventing future harm); see also Red River Valley Bank v. Home Ins. Co., 607 So.2d 892, 896 (La.App.Ct.1992) (indicating that attorney may be liable for malpractice to third-party beneficiary of attorney’s work); Onita Pac. Corp. v. Trs. of Bronson, 315 Or. 149, 843 P.2d 890, 896-97 (1992) (en banc) (ruling that attorney owes duty not only to client but also to intended beneficiaries of work done for client).
*490 We conclude that the Dingles’ third amended complaint makes allegations sufficient to bring it within this narrow exception to the privity requirement in legal malpractice cases. The Dingles’ third amended complaint contains sufficient ultimate facts, which, if proved, show that they were the intended beneficiaries of Whiteway’s contract with Dellinger and Millhorn. The Dingles’ third amended complaint asserts that the primary intent of Whiteway in hiring Millhorn was to directly benefit them. Accepting, without finding, the complaint’s allegations as true, there was no direct benefit to Whiteway or Kyreakakis, making this transaction similar to a gift or devise made in a trust or in a will. Whiteway or Kyreakakis’s intent was frustrated by the alleged negligence of Dellinger and Millhorn in not preparing an enforceable quitclaim deed as they were contracted to do.[2] See First Fla. Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9, 15 (Fla.1990) (holding accounting firm could be liable for negligence to persons whom it knows and intends will rely on its opinions); Rosenstone v. Satchell, 560 So.2d 1229, 1280 (Fla. 4th DCA 1990) (explaining that attorney may be held liable for breach of duties to one who he knows is intended beneficiary of legal services); Admiral Merchs., 494 N.W.2d at 266 (“[A]n intended third-party beneficiary may bring an action for legal malpractice in those situations when the client’s sole purpose is to benefit the third party directly, and the attorney’s negligent act caused the beneficiary to suffer a loss.”); see also Donahue v. Shughart, Thomson & Kilroy, P.C., 900 S.W.2d 624, 625 (Mo.1995) (holding that beneficiaries of trust have standing to sue settlor’s attorney for malpractice because attorney did not effectuate his client’s wishes for transfer of property).
Still, Dellinger insists that she did not have a duty of care to the Dingles because the requirement of privity in attorney malpractice actions has only been relaxed where there is only one “side” to a transaction (e.g., wills, trusts, estate planning and adoptions), and this case involved a two-sided real estate transaction. Thus, Dellinger contends that because she was employed by Whiteway, she could not ethically represent the Dingles’ interests or be held responsible to them.
Generally, an attorney is not liable to third parties for negligence or misadvice given to a client concerning an inter vivos transfer of property. Lorraine v. Grover, Ciment, Weinstein & Stauber, P.A., 467 So.2d 315, 317 (Fla. 3d DCA 1985). Courts usually reject the contention that the attorney for a seller, buyer, lender, or mortgagor owed a duty to another party. Thus, as a general rule, when a transaction involves two interests to be protected, an attorney employed by one of the parties to the transaction cannot be held responsible to other parties unless it is alleged and proved that the attorney committed some nonnegligent tort such as fraud or theft. See, e.g., Adams v. Chenowith, 349 So.2d 230, 231 (Fla. 4th DCA 1977). As the court in Amey, Inc. v. Henderson, Franklin, Starnes & Holt, P.A., 367 So.2d 633, 635 (Fla. 2d DCA 1979), explained:
Just as in Adams, there was more than one ‘side’ of the transaction before us. The law firm’s obligation ran to its client. There is no suggestion that the buyer was harmed by any type of fraudulent conduct. It may be that in transactions such as this the buyer often chooses to rely on the expertise of the lender’s lawyer on the premise that the lawyer would not approve the title for the loan unless the title were clear. *491 However, this is a calculated risk, and if it proves to be unfounded, the buyer has no claim that the lawyer violates a duty owed to him. To hold otherwise would place the lawyer in an untenable position, particularly when it is well known that lawyers will often pass certain title defects when examining a title for a loan but refuse to do so when representing a purchaser.
While the general rule in Florida is that an attorney owes a duty of care only to his client and not to third parties, an attorney owes a duty to a third party if the attorney was hired for the purpose of benefitting a third party. See, e.g., Espinosa, 612 So.2d at 1379-80; Oberon, 512 So.2d at 194. Because the intended benefit rule requires the specific intent to benefit the third party, it is accepted that an attorney is not liable to the third party for malpractice alleged to have occurred during adversarial proceedings on the rationale that adversaries would never desire to benefit one another. Wild v. Trans World Airlines, Inc., 14 S.W.3d 166, 168 (Mo.App.Ct.2000); Donahue v. Shughart, Thomson & Kilroy, P.C., 900 S.W.2d 624, 625 (Mo.1995); Onita, 843 P.2d at 897.
This case involved a real estate transaction, typically a two-sided transaction. However, here, based on the allegations contained in the complaint, there was no adversarial relationship or differing interests to be protected, as the Dingles’ interests were not in conflict with Whiteway or Kyreakakis, thus suggesting a one-sided transaction. See generally Freedom Mortg. Corp. v. Burnham Mortg., Inc., 720 F.Supp.2d 978 (N.D.Ill.2010) (holding that mortgage lender sufficiently pled that primary purpose and intent of attorney’s representation of mortgage broker and title insurer were to influence lender, giving rise to duty of care running from attorney to lender, as third-party beneficiary of attorney-client relationship; although broker and title insurer hired attorney as closing agent presumably to act in their best interests, attorney’s work was nonadver-sarial as to lender in sense that attorney’s services as closing agent were typically relied upon by all parties to real estate transaction); Kirby v. Chester, 174 Ga.App. 881, 331 S.E.2d 915 (1985) (concluding that closing attorney owed duty to nonclient lender that relied on attorney’s title certification to loan money); Flaherty v. Weinberg, 303 Md. 116, 492 A.2d 618, 629-30 (1985) (determining that unrepresented mortgagor-buyer’s complaint, which alleged that mortgagee-lender retained attorney to intentionally benefit both parties, who had identical interests in the property, alleged sufficient facts to survive dismissal); 4 Legal Malpractice § 34:4 (2013 ed.) (“The rule of privity of contract prevails where a nonclient sues the attorney for errors in handling a transfer of property interests, in creating a security interest, searching title or representing a client in the transaction, who is sued by another party to the transaction.”) (collecting cases); see also Jimerson v. First Am. Title Ins. Co., 989 P.2d 258, 261 (Colo.App.1999) (explaining that professional supplier of information may be liable for its negligence to person with whom it has no contractual relationship, providing that supplier of information knows that recipient of information will provide it to that person or knows that information is to be used to influence transaction); Stuart v. Freiberg, 142 Conn.App. 684, 69 A.3d 320 (2013) (holding that genuine issue of material fact existed as to whether estate beneficiaries were intended beneficiaries of accountant’s work for estate executor, and therefore, whether accountant owed them duty of care, precluded summary judgment in professional malpractice claim against accountant).
*492 The Dingles’ claim of negligence against Millhorn as principals for the acts of their agent, Dellinger, depends upon the claim for professional negligence against Dellinger. As the Dingles have asserted a cause of action for professional negligence, they have alleged facts sufficient to sustain their vicarious liability claim. See, e.g., Aetna Ins. Co. v. Holmes, 59 Fla. 116, 52 So. 801, 802 (1910) (“The acts of an agent, performed within the scope of his real or apparent authority, are binding upon his principal.”). However, we affirm without discussion, the trial court’s dismissal of the Dingles’ negligent training and negligent supervision claim.
In summary, on the unique facts before this Court, we conclude the trial court erred in dismissing the professional negligence (count I), and the vicarious liability (count II), claims of the Dingles’ third amended complaint. We reverse this matter for reinstatement of these causes of action. We affirm the dismissal of the negligent supervision and training (count III) claim.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA and EVANDER, JJ., concur.

. Although an intended third-party beneficiary may maintain a legal malpractice action in theories of either tort (negligence) or contract (third-party beneficiary), the contractual theory is conceptually superfluous because the crux of the action must lie in tort as there can be no recovery without negligence. McAbee v. Edwards, 340 So.2d 1167, 1169 (Fla. 4th DCA 1976).

. Whether an enforceable deed could have been drafted has not been determined.