EVANDER, J.
Ray Coudriet Builders, Inc. (“Coudriet”) appeals from a final order dismissing, with prejudice, its third amended third-party complaint against R.K. Edwards, Inc. (“Edwards”). We conclude that Coudriet’s pleading, although inartfully drafted, was sufficient to survive a motion to dismiss.
The instant litigation stems from a written agreement between Mark Tremon-ti and Coudriet for the construction of a large, single-family residence. Tremonti moved into the residence shortly after the issuance of the certificate of occupancy. Subsequently, Tremonti filed a multi-count complaint and amended complaint against Coudriet, alleging that he had sustained damages from Coudriet’s defective construction of his home. Tremonti’s amended complaint included counts for, inter alia, breach of contract, breach of express warranty, breach of implied warranty, and *485 concealment of latent defects. Tremonti’s amended complaint set forth the nature of the alleged construction defects in rather general and conclusory terms. In turn, Coudriet filed its third-party action against several of the project’s subcontractors, including Edwards. Coudriet’s third amended third-party complaint alleged that it had entered into an oral contract with Edwards, whereby Edwards agreed to install the interior drywall for the Tremonti residence “in a good workmanlike manner.” Coudriet’s pleading included counts against Edwards for breach of contract, indemnification, and contribution. Paragraph 43 of the third amended third-party complaint was the subject of much discussion at the hearing on. Edwards’ subsequently filed motion to dismiss. That paragraph read in relevant part:
[Edwards] performed its drywall work pursuant to the oral agreement and was paid by [Coudriet] for its drywall work, but such work is alleged by [Tremonti] to be deficient.
The trial court concluded that this language was fatal to Coudriet’s pleading because Coudriet “said that they performed the drywall work pursuant to the oral agreement. There was no allegation that they failed to perform pursuant to the oral agreement.”
We respectfully disagree with the trial court’s conclusion. In the subsequent paragraphs of the pleading, Coudriet specifically alleged that Edwards breached its oral contract with Coudriet by failing to properly install the interior drywall at Tre-monti’s residence in a good, workmanlike manner. The alleged defects, as asserted by Tremonti, were also specified in Coud-riet’s third amended third-party complaint:
Tremonti has alleged that deficiencies exist in [Edwards’] work, including, but not limited to:
a. Drywall was not fully bedded and sanded in areas;
b. Drywall seams and fasteners were not properly applied and can be readily viewed from a distance greater than 6 feet;
c. Drywall repairs in bathroom were not finished.
Additionally, a copy of a home inspection report, apparently prepared on behalf of Tremonti, was attached to the third amended third-party complaint and included an assertion that the drywall work throughout the house was “very poor.”
Taking the allegations against Edwards in their entirety, we agree with Coudriet’s contention that paragraph 43 should be construed to allege that although Edwards had finished the work it agreed to perform, it had, if Tremonti’s allegations were proven, performed the work improperly.
In its answer brief, Edwards raised alternative grounds to support the dismissal of Coudriet’s third amended third-party complaint. In rejecting these alternative grounds, we would emphasize that in reviewing a trial court’s order granting a motion to dismiss with prejudice, we must take all factual allegations as true and draw all reasonable inferences in favor of the pleader. Wallace v. Dean, 3 So.3d 1035,1042-43 (Fla.2009).
The trial court’s separate order awarding Edwards’ reasonable attorney’s fees is also reversed.[1] See Black Diamond Props., Inc. v. Haines, 90 So.3d 851, 851 (Fla. 5th DCA 2012) (reversing an order awarding attorney’s fees where underlying *486 final judgment entered in favor of appel-lees had been reversed).
REVERSED and REMANDED.
COHEN and EDWARDS, JJ., concur.

. Based on our determination that the trial court erred in dismissing Coudriet’s third amended third-party complaint against Edwards, we decline to determine the validity of Edwards' offer of judgment.