ROTHENBERG, C.J.
Rochelle Driessen, the mother of Brittany Oliver ("Brittany"), a developmentally disabled person, appeals the trial court's final order dismissing with prejudice her second amended complaint for legal malpractice against the University of Miami School of Law Children and Youth Law Clinic ("the Clinic") for failure to state a cause of action. Because Ms. Driessen is *1081 not Brittany's legal guardian, did not retain the Clinic to represent Brittany or the co-legal guardians (Brittany's sister and Brittany's grandfather), and was not and is not the intended beneficiary of the Clinic's representation of the legal guardians, we find no error and affirm.
Ms. Driessen's complaint for legal malpractice against the Clinic, which represents Brittany's legal guardians, not Ms. Driessen, is based on her disagreement with the characterization of Brittany's disability in the verified Petition for Appointment of Co-Guardian Advocates, her disagreement with the educational program Brittany is enrolled in, and the failure of the Clinic to provide Ms. Driessen with notice of the evidentiary hearing held on March 11, 2014, wherein Brittany's co-legal advocates were appointed. However, as the trial court correctly found, because Ms. Driessen is not the Clinic's client or the intended beneficiary of the Clinic's relationship with the guardians, the Clinic owes no duty to Ms. Driessen. See Angel, Cohen & Rogovin v. Oberon Inv. N.V., 512 So.2d 192, 194 (Fla. 1987) (noting that an attorney's liability for negligence in the performance of his or her professional duties is generally limited to clients with whom the attorney shares privity of contract); Dingle v. Dellinger, 134 So.3d 484, 487 (Fla. 5th DCA 2014).
The exception to this general rule requiring privity of contract between the client and attorney is when the plaintiff is the intended third-party beneficiary of the services performed by the attorney. Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378, 1380 (Fla. 1993) ; Dingle, 134 So.3d at 487-88. The ward, which in this case is Brittany, not the ward's next of kin, is the intended beneficiary of the attorney's services. See Saadeh v. Connors, 166 So.3d 959, 964 (Fla. 4th DCA 2015) (finding that the well-being of the ward is "the very essence" of our guardianship statutes, and both the attorney and the guardian are ethically obligated to protect the interest of the ward); Zelman v. Zelman, 175 So.3d 871, 879 (Fla. 4th DCA 2015) ("The whole purpose of a guardianship proceeding is to protect the ward's interests.").
While Ms. Driessen, as Brittany's next of kin, may have legitimate concerns regarding some of the decisions made by Brittany's guardians, those concerns do not provide her with the standing to sue the Clinic for legal malpractice in its representation of her daughter's guardians. We, therefore, affirm the dismissal, with prejudice, of Ms. Driessen's second amended complaint for legal malpractice against the Clinic.
Affirmed.