# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1905
Lower Tribunal No. 11-37956
_____

## Lauren Nieburg and Neil Nieburg,
Appellants,

vs.

## Eric W. Sulzberger, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Broad and Cassel, and Barbara Viota-Sawisch, Adam G. Rabinowitz, and Joseph H. Picone (Fort Lauderdale), for appellants.

DLD Lawyers, and Pete L. DeMahy, Kenneth R. Drake, and Richard N. Conforti, for appellee, Eric W. Sulzberger d/b/a Sulzberger and Sulzberger.

Boyd Richards Parker & Colonnelli, P.L., and W. Todd Boyd and Gissell Jorge, for appellees Neal Sandberg and Simon, Schindler & Sandberg, LLP.

Carlton Fields Jorden Burt, P.A., and Charles M. Rosenberg, Naomi Berry, and Steven M. Blickensderfer, for appellees David Scully and Jack R. Loving, P.A.

Before LOGUE, LUCK and LINDSEY, JJ.

PER CURIAM.

Lauren and Neil Nieburg appeal the trial court's order dismissing their first amended complaint with prejudice. We affirm.

The Nieburgs alleged that three attorneys and two law firms committed legal malpractice and breached fiduciary duties. Eric Sulzberger was alleged to have been negligent in drafting the Nieburgs' mother and stepfather's estate and marriage documents. Neal Sandberg and his firm were alleged to have been negligent in reviewing and advising the Nieburgs' mother to sign an ante-nuptial agreement. And David Scully and his firm were alleged to have been negligent in advising the Nieburgs' mother about, and letting the statute of limitations lapse on, contesting their stepfather's estate and trust.

In general, "[a]n attorney's liability for negligence in the performance of his or her professional duties is limited to clients with whom the attorney shares privity of contract." Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So. 2d 1378, 1379 (Fla. 1993). "The exception to this general rule requiring privity of contract between the client and attorney is when the plaintiff is the intended third-party beneficiary of the services performed by the attorney." Driessen v. Univ. of Miami School of Law Children & Youth Law Clinic, No. 3D18-999, 2018 WL 4608760, at *1 (Fla. 3d DCA Sept. 26, 2018). "A party is an

2

intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong." Dingle v. Dellinger, 134 So. 3d 484, 488 (Fla. 5th DCA 2014). "To find the requisite intent, it must be shown that both contracting parties intended to benefit the third party; it is insufficient to show that only one party unilaterally intended to benefit the third party." Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So. 2d 399, 400 (Fla. 2d DCA 2000).

Based on the complaint and the underlying contracts in the record, the attorneys and law firms did not clearly express an intent to primarily and directly benefit the Nieburgs when they represented the Nieburgs' mother and stepfather. At best, the Nieburgs were incidental beneficiaries, which is insufficient. See Dingle, 134 So. 3d at 488 ("Still, a person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract." (quotation omitted)).

The Nieburgs contend they should be allowed to amend their complaint, and normally they would be able to, but the trial court had the discretion to deny leave to amend where the "amendment would be futile." JVN Holdings, Inc. v. Am. Const. & Repairs, LLC, 185 So. 3d 599, 601 (Fla. 3d DCA 2016) (quotation omitted). Here, the underlying contracts say what they say, and no amount of

3

creative pleading can get around the fact that they do not evidence an intent to primarily and directly benefit the Nieburgs.

The trial court's order dismissing the Nieburgs' complaint with prejudice is affirmed.

Affirmed.