PER CURIAM.
Jessica M. Graulau Maldonado appeals a final order dismissing with prejudice her personal injury action against the Orange County Public Library System ("Library"). We reverse the order dismissing the second amended complaint with prejudice because it sufficiently alleged a negligence cause of action. However, we affirm the dismissal with prejudice of the strict liability claim in the amended complaint without further discussion.
Ms. Maldonado's second amended complaint alleged that she was at the Library's southeast branch, making copies at a photocopier, when she tripped and fell over the bottom drawer of the photocopier. More specifically, she alleged that "without any warning, the bottom door of the machine came loose and suddenly flew wide opened [sic] causing [her] to trip and fall on her both knees regardless [of her] attempt to avoid the fall." She further alleged that the Library owned the photocopier and had a duty to use reasonable care in maintaining the machine to ensure that it was safe for use by patrons. The trial court concluded that the second amended complaint failed to state a cause of action and dismissed the case with prejudice.
We review orders granting motions to dismiss de novo. See Wallace v. Dean, 3 So. 3d 1035, 1045 (Fla. 2009) ; Dingle v. Dellinger, 134 So. 3d 484, 487 (Fla. 5th DCA 2014). For purposes of assessing the adequacy of the pleading of a claim, we take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Jordan v. Nienhuis, 203 So. 3d 974, 976 (Fla. 5th DCA 2016) ; Ray Coudriet Builders, Inc. v. R.K. Edwards, Inc., 157 So. 3d 484, 485 (Fla. 5th DCA 2015). We cannot look further than the complaint and its attachments when considering a dismissal motion. Mohan v. Orlando Health, Inc., 163 So. 3d 1231, 1233 (Fla. 5th DCA 2015).
Florida is a fact-pleading jurisdiction, not a notice-pleading jurisdiction. Deloitte & Touche v. Gencor Indus., Inc., 929 So. 2d 678, 681 (Fla. 5th DCA 2006). A complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b). To state a cause of action for negligence, a complaint must allege: "(1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury *280 to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). A business owner owes two duties to a business invitee: (1) to use reasonable care to keep its premises reasonably safe and (2) to warn of latent or concealed perils that were known or should have been known to the owner and which the invitee could not discover through the exercise of due care. See Dampier v. Morgan Tire & Auto, LLC, 82 So. 3d 204, 206 (Fla. 5th DCA 2012).
Here, the second amended complaint sufficiently stated a claim for negligence against the Library. Ms. Maldonado's second amended complaint defined her status on the property (an invitee), the date of the accident (November 4, 2014), her location on the premises (at the photocopier), the cause of her fall (the loose bottom drawer of the photocopier that suddenly flew open in her path) and the Library's alleged failure to maintain and inspect the photocopier. These allegations are sufficient to state a negligence claim that is plausible on its face.
For these reasons, we reverse the dismissal of Ms. Maldonado's negligence claim against the Library, but affirm dismissal of the strict liability claim.
AFFIRMED in part; REVERSED in part; and REMANDED.
EVANDER, C.J., ORFINGER and HARRIS, JJ., concur.