# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1072
LT Case No. 2022-CA-685

———————————————

RONALD ZABRISKIE,

    Appellant,

    v.

FIRST PROTECTIVE INSURANCE
COMPANY d/b/a FRONTLINE
INSURANCE COMPANY,

    Appellee.

———————————————

On appeal from the Circuit Court for Flagler County.
Christopher A. France, Judge.

Peter A. Diamond, of Your Insurance Company, P.L.L.C.,
Coconut Grove, for Appellant.

Patrick M. Chidnese and Frieda C. Lindroth, of Bickford &
Chidnese, Tampa, for Appellee.

June 13, 2025


LAMBERT, J.

    In this appeal between an insurance company and one of its
insureds, Ronald Zabriskie challenges the trial court's final order
granting Appellee, First Protective Insurance Company d/b/a
Frontline Insurance Company's ("Frontline") motion to dismiss his

third amended complaint and dismissing the entire case with prejudice. We reverse.

## I.

Zabriskie's third amended complaint asserted a claim against Frontline for "Breach of Contract." The dispositive issue in this appeal is whether this third amended complaint sufficiently pleaded a cause of action that Frontline breached the terms of the homeowners insurance policy when it denied coverage of the claim that Zabriskie had made under his policy that his residence had sustained damages due to a windstorm.

Frontline argued in its motion to dismiss the third amended complaint[1] that Zabriskie had failed to comply with the pleading requirements of Florida Rule of Civil Procedure 1.110(b) to allege "a short and plain statement of the ultimate facts showing that [he] is entitled to relief." Frontline asserted that Zabriskie had not alleged in this complaint the specific policy provision that Frontline allegedly violated, nor had he sufficiently alleged the action taken by Frontline that allegedly constituted the breach of the policy.[2]

The final order now on appeal stated, without elaboration, that the motion to dismiss was granted and the case was dismissed with prejudice. Zabriskie timely moved for rehearing or reconsideration of this order, which was denied without a hearing.

---

[1] The motion had also requested, in the alternative, a more definite statement. *See* Fla. R. Civ. P. 1.140(e).

[2] Frontline also argued in its motion that dismissal was proper because Zabriskie's pre-suit notice under section 627.70152, Florida Statutes (2021), of his intent to initiate litigation against Frontline was defective. Under the facts and circumstances of this case, such an argument in this district is presently unavailing. *See Smith v. Universal Prop. & Cas. Ins.*, 396 So. 3d 860, 861 (Fla. 5th DCA 2024).

2

## II.

An order granting a motion to dismiss a complaint for being insufficiently pleaded is reviewed by an appellate court under the de novo standard. *Graulau Maldonado v. Orange Cnty. Pub. Libr. Sys.*, 273 So. 3d 278, 279 (Fla. 5th DCA 2019) (citing *Wallace v. Dean*, 3 So. 3d 1035, 1045 (Fla. 2009); *Dingle v. Dellinger*, 134 So. 3d 484, 487 (Fla. 5th DCA 2014)). Stated slightly differently, whether a complaint has sufficiently pleaded a cause of action is an issue of law, which is reviewed de novo. *Locker v. United Pharm. Grp., Inc.*, 46 So. 3d 1126, 1128 (Fla. 1st DCA 2010) (citing *Brewer v. Clerk of Cir. Ct., Gadsden Cnty.*, 720 So. 2d 602, 603 (Fla. 1st DCA 1998)).

When evaluating the adequacy of the pleading of the complaint, an appellate court must "take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the pleader," *Graulau Maldonado*, 273 So. 3d at 279 (citing *Jordan v. Nienhuis*, 203 So. 3d 974, 976 (Fla. 5th DCA 2016); *Ray Coudriet Builders, Inc. v. R.K. Edwards, Inc.*, 157 So. 3d 484, 485 (Fla. 5th DCA 2015)), limiting its gaze solely upon the complaint and its attachments. *Id.* (citing *Mohan v. Orlando Health, Inc.*, 163 So. 3d 1231, 1233 (Fla. 5th DCA 2015)).

## III.

To prevail on a breach of contract action, a plaintiff, such as Zabriskie, must plead and prove (1) a valid contract; (2) a material breach; and (3) damages. *Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d DCA 2007) (citing *Abbott Labs., Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000)). As the case below was determined in the pleading stage of the proceedings, our focus is whether, as a matter of law, Zabriskie's third amended complaint failed to sufficiently allege a cause of action for breach of contract.

## IV.

Zabriskie alleged in his third amended complaint the following salient facts, which, as previously noted, for purposes of our analysis we accept as true: (1) the policy of insurance issued by Frontline to Zabriskie on his subject residence was an "all-risk"

3

or "all-peril" policy that insured against the risk of direct physical loss to the residence, unless otherwise specifically excluded, limited, or excepted in the policy; (2) the policy was in full force and effect on October 28, 2021, when a windstorm caused damage to the roof and the interior of the residence; (3) the amount of damage to the residence caused by this windstorm totaled $53,738.47, as detailed in the composite exhibit attached to the complaint; (4) Zabriskie timely reported this loss to Frontline, which thereafter assigned the matter a claim number; (5) Frontline subsequently denied coverage for the loss, asserting that it was not a covered loss under the policy; (6) Zabriskie complied, to the best of his ability, with the post-loss obligations required under the policy and has otherwise fully complied with the terms of the policy; (7) Frontline has not paid insurance proceeds owed to Zabriskie for this covered loss; and (8) Frontline's actions constituted a breach of the insurance policy for which Zabriskie has sustained and continues to sustain damages.[3]

In addition to these allegations, Zabriskie attached to his third amended complaint a copy of the insurance policy, together with copies of estimates reflecting the total sum of $53,738.47 for damages to the insured residence caused by the windstorm. Zabriskie also generally pleaded that all conditions precedent to the filing of the lawsuit had occurred, been waived, or were performed. *See* Fla. R. Civ. P. 1.120(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.").

From the foregoing, we conclude that Zabriskie's third amended complaint sufficiently stated a cause of action for breach of the parties' contract of insurance.[4] Accordingly, we reverse the

---

[3] The complaint also alleged how venue was appropriate and the trial court's jurisdiction, the sufficiency of which were not contested by Frontline in its motion to dismiss.

[4] We take no position as to whether Zabriskie will be able to prove the allegations of this complaint, as that matter is not before us.

4

final order of dismissal and remand with directions that this third amended complaint be reinstated.[5]

REVERSED and REMANDED, with directions.

EDWARDS, C.J., and MAKAR, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[5] We also note that our disposition of this appeal renders moot the remaining arguments raised by Frontline in its brief for affirmance.